UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00022-LLK

JOSEPH TYRRELL                                                                                          PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's fact and law summary is at Docket # 20, and Defendant's fact and law summary is at Docket # 27. The matter is ripe for determination. Plaintiff consented to the jurisdiction of Magistrate Judge Whalin to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 17). Following Magistrate Judge Whalin's retirement, the Court reassigned the matter to the undersigned Magistrate Judge for all further proceedings. (Docket # 26). Plaintiff has impliedly consented to the jurisdiction of the undersigned.[1]

Plaintiff applied for Disability Insurance Benefits (DIB) pursuant to Title II of the Social Security Act, and he was last insured for Title II benefits on March 31, 2016. (Administrative Record ("AR"), p. 30). The administrative law judge (ALJ) found that Plaintiff suffers from a seizure disorder (AR, p. 3). Plaintiff argues that the ALJ erred in finding that (prior to his date last insured) because: 1) His epilepsy did not satisfy the medical criteria of Listing 11.02 (AR, pp. 35-36); and 2) He could perform a limited range of medium work (AR, p. 36).

---

[1] *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (Implied consent found to be present where parties "voluntarily appeared to try the case before the Magistrate Judge," in part, to "depriv[e] parties of the luxury of waiting for the outcome before denying the magistrate judge's authority"); *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011) (Upon case reassignment to a second magistrate judge, plaintiff's express consent to authority of first magistrate judge deemed implied consent to authority of second magistrate judge where plaintiff proceeded without objection); *Wilhelm v. Rotman*, 680 F.3d 1113, 1119-20 (9th Cir. 2012) (same).

Because Plaintiff's arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's Complaint.

**Plaintiff's first argument is unpersuasive.**

Regarding his first argument, Plaintiff carries the burden of proving that the medical criteria of the Listing are satisfied, and this burden is strictly construed because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational consideration). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a Listed impairment's] criteria, no matter how severely, does not qualify" as satisfying the Listing); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment" to satisfy the Listing).

Listing 11.02 provides that the following medical impairment (epilepsy) is per-se disabling:

11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:

A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or

B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or

C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
1. Physical functioning (see 11.00G3a); or
2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
3. Interacting with others (see 11.00G3b(ii)); or
4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
5. Adapting or managing oneself (see 11.00G3b(iv)); or

D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
1. Physical functioning (see 11.00G3a); or
2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
3. Interacting with others (see 11.00G3b(ii)); or

    4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
    5. Adapting or managing oneself (see 11.00G3b(iv)).

Subsections (A) and (C) of Listing 12.02 apply to claimants with tonic-clonic seizures. Subsections (B) and (D) apply to claimants with dyscognitive seizures. Tonic-clonic seizures are characterized by loss of consciousness accompanied by a tonic phase (sudden muscle tensing causing the person to lose postural control) followed by a clonic phase (rapid cycles of muscle contraction and relaxation, also called convulsions). Section 11.00H1a. Dyscognitive seizures are characterized by alteration of consciousness without convulsions or loss of muscle control. Section 11.00H1b.

The ALJ found that Listings 12.02(B) and (D) do not apply because there is no evidence of dyscognitive seizures. (AR, p. 36). Additionally, the ALJ found that Listings 12.02(A) and (C) are not satisfied because there is no documentation of: 1) a detailed description of a typical generalized tonic-clonic seizure; 2) adherence to prescribed treatment; and 3) seizures that occur, despite such adherence, at least once a month for at least 3 consecutive months, or at least once every 2 months for at least 4 consecutive months. (AR, pp. 35-36).

Regarding the "adherence to prescribed treatment" requirement, the ALJ found that there were gaps in Plaintiff's treatment with board-certified neurologist Hal Corwin, M.D. In June 2015, Plaintiff reported that, despite not taking his anti-seizure medication, he rarely has seizures; and the evidence indicates fewer, if any, seizures when he takes his medication. (ALJ's findings at AR, pp. 35, 38-39 referring to treatment notes at AR, pp. 400-04, 424, 561-63, 569-72, 618, 708-09).

Regarding the "frequency of seizures" requirement, in June 2015, Plaintiff reported that he rarely has seizures. (AR, p. 618). In October 2016, Dr. Corwin noted that Plaintiff's "last seizure was a couple of months ago. He has less than one convulsion a month." (AR, p. 709).

Plaintiff suggests that Dr. Corwin's notes (AR, 593, 726, 731, 733-37, 742-45, 747, 753-69) satisfy the Listing. However, Plaintiff does not identify which specific treatment note allegedly satisfies which specific Listing criterion. Nor does Plaintiff challenge any of the ALJ's findings (discussed above) in support

3

of a conclusion that Listing 12.02 is <u>not</u> satisfied. In fact, Plaintiff does not even mention "Listing 12.02" or discuss its requirements.

Due to Plaintiff's lack of specificity, the Court agrees with the Commissioner (Docket # 27, pp. 4-5) that he has waived further consideration of his Listing argument. *See McPherson v Kelsey*, 125 F.3d 989, 995-96 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)); *Taylor v. Comm'r*, 3:17CV-00200-DW, 2018 WL 344984, at *2 (W.D. Ky. Jan. 9, 2018) (Listing argument waived because Taylor "neither identifies a specific listing under which ALJ Zuber should have considered his distractibility nor cites to specific medical records describing such distractibility"); *Corbett v. Comm'r*, No. 3:13CV-00258-HBB, 2015 WL 521034, at *3 (W.D. Ky. Feb. 9, 2015) (Listing argument waived because Corbett "does not specifically identify a listing or listings in Appendix 1 and explain why she believes the medical evidence in the record demonstrates that she meets that listing or those listings").

**Plaintiff's second argument is unpersuasive.**

Plaintiff's second and final argument is that the ALJ erred in finding that he could (prior to his date last insured on March 31, 2016) perform a limited range of medium work. (AR, p. 36). The argument is not that the ALJ erred in finding that Plaintiff could perform medium (as opposed to light or sedentary) work but that the ALJ erred in finding that he could perform <u>any</u> work. Plaintiff argues that frequent seizures preclude him from performing some jobs due to safety concerns and preclude all jobs due to excessive absenteeism associated with his need for at-home rest and recovery following a seizure.

Regarding his "safety" argument, Plaintiff relies on repeated statements in the record to the effect that he is "unable to safely maintain employment at this time." (AR, pp. 593, 731, 747). The note at AR, p. 593, is dated July 29, 2016 (after the date last insured). The note at AR, p. 731, is dated September 14,

2015 (before the date last insured); however, it is not signed by Dr. Corwin (but by Allison Coffey, M.A., whose identity and relation to Dr. Corwin, if any, is unclear). The note at AR, p. 747, is identical to the one at AR, p. 731.

Plaintiff's "safety" argument is unpersuasive for three reasons. First, the ALJ found specific restrictions as an accommodation to his seizure disorder (e.g., he is never to climb ladders, ropes or scaffolds, perform commercial driving, or work around hazards). (AR, p. 36). Second, safety considerations apparently do not confine Plaintiff to home because the ALJ found that he runs or rides a bicycle for daily exercise and walks to and from the grocery store. (AR, p. 40). Third, "[e]vidence of disability obtained after the expiration of insured status is generally of little probative value." *Grisier v. Comm'r*, 721 F. App'x 473, 477 (6th Cir. 2018) (quoting *Strong v. Comm'r*, 88 F. App'x 841, 845 (6th Cir. 2004)).

Regarding his "absenteeism" argument, Plaintiff relies on a "Seizures Medical Statement" form (that Plaintiff apparently anticipated Dr. Corwin would sign), which indicated that Plaintiff experiences 1 to 3 seizures per month, which necessitate 1 to 5 days recovery. (AR, p. 737). The form, however, is unsigned and undated. (AR, p. 740). On November 18, 2016 (after the date last insured), Dr. Corwin did sign another completion of the same form, which indicated that Plaintiff experiences 1 to 3 seizures per month, which necessitate 24 hours to 1 week recovery. (AR, pp. 742-43). The form also indicated that Plaintiff would experience absences from work (due to impairments / treatment) of more than 4 days per month. (AR, p. 745).

Plaintiff's "absenteeism" argument is unpersuasive for two reasons. First, as indicated above, the evidence indicates that Plaintiff did not adhere to prescribed medication treatment. The ALJ found that there were gaps in Plaintiff's treatment with Dr. Corwin. In June 2015, Plaintiff reported that, despite not taking his anti-seizure medication, he rarely has seizures; and the evidence indicates fewer, if any, seizures when he takes his medication. (ALJ's findings at AR, pp. 35, 38-39 referring to treatment notes at AR, pp.

5

400-04, 424, 561-63, 569-72, 618, 708-09). "We will consider an individual's attempts … to follow treatment once it is prescribed when evaluating whether symptom intensity and persistence affect the ability to perform work-related activities." Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, at *8. "[I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." *Id.* Second, "[e]vidence of disability obtained after the expiration of insured status is generally of little probative value." *Grisier v. Comm'r*, 721 F. App'x 473, 477 (6th Cir. 2018) (quoting *Strong v. Comm'r*, 88 F. App'x 841, 845 (6th Cir. 2004)).

## Order

The Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

September 28, 2018

Lanny King, Magistrate Judge
United States District Court